ORIGINAL

# In the United States Court of Federal Claims

No. 17-1246
(Filed: September 20, 2017)

FILED

SEP 2 0 2017

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANDRE ACHTUNG,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing *pro se*, filed his complaint on September 11, 2017, alleging that various private and government actors have conspired to harm him. Plaintiff seeks civil and criminal damages and general societal reform. Compl. ¶ 1.

While *pro se* plaintiffs are afforded latitude in their pleadings, we cannot excuse jurisdictional failings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Jurisdiction is a threshold matter that the court may raise *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); RCFC 12(h)(3). From the face of the complaint, it is clear that the plaintiff has not alleged a claim over which this court has jurisdiction. Thus, it is unnecessary to wait for any further filings in this case.

This court's primary grant of jurisdiction is the Tucker Act, which authorizes us to "render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act does not create any

substantive right that a plaintiff may enforce against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 398 (1976). Instead, the plaintiff must identify a separate source of authority that mandates it be paid money by the United States. *Id.* Because the plaintiff in this case has not alleged any of the foregoing sources of authority, his complaint must be dismissed.

Plaintiff's complaint failed to identify a substantive source of law or contract mandating that the federal government pay plaintiff a sum of money. Instead, plaintiff detailed a variety of allegations against both private and government actors and generally requested civil and criminal damages. To the extent that the plaintiff referenced federal law, such as the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, or Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, those statutes are "Acts of Congress," but either do not create a private right of action for the relief plaintiff seeks or a private right of action for money damages against the United States. Compl. ¶¶ 5, 11.

Further, plaintiff's allegations of wrongful or unlawful conduct by private individuals for physical and emotional injury or distress, Compl. ¶¶ 2, 14, 48-50, are not claims against the United States. *See* 28 U.S.C. § 1491(a). Even if plaintiff's claims were construed as against the United States, claims for physical and mental injury or distress sound in tort, meaning they are outside our jurisdiction. *Id.* (excluding cases "sounding in tort" from the cases over which the court exercises jurisdiction); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Plaintiff also repeatedly referred to a conspiracy and alleged many acts of criminal conduct on the part of the government, its agents, and private actors. As with claims sounding in tort, this court does not have jurisdiction to adjudicate criminal claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Moreover, we are without power to award the punitive damages that plaintiff referenced in his complaint. *See Envtl. Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010); Compl. ¶ 90.

We also do not have general equitable jurisdiction to provide any of the various types of non-monetary relief that plaintiff seeks. Compl. ¶¶ 2, 88-94. This court may only provide equitable relief in limited circumstances as "an incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Plaintiff's complaint does not include allegations that would lead to awarding equitable relief. Accordingly, we do not have jurisdiction over plaintiff's non-monetary claims.

In sum, plaintiff has not alleged any claims over which we have jurisdiction. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge